**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mattivi Brothers Leasing, Inc., a California corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Ecopath Industries, LLC, an Arizona limited liability company,<br><br>　　　　Defendant. | No. CV-10-49-PHX-DGC<br><br>**ORDER AND DEFAULT JUDGMENT** |

In August 2008, Plaintiff Mattivi Brothers Leasing, Inc. purchased an asphalt rubber blending plant from Defendant Ecopath Industries, LLC. Plaintiff claims that the plant is defective and fails to conform to representations and covenants made in the sales contract. Plaintiff filed a complaint seeking monetary damages and asserting claims for breach of contract, breach of express warranty, rescission, and consumer fraud. Doc. 1.

Plaintiff served written discovery requests on June 1, 2010. Defendant failed to respond. The Court held a discovery conference call with the parties on August 26, 2010, ruling that Defendant had to respond fully to Plaintiff's discovery requests. As reflected in its written order (Doc. 31), the Court made clear to Defendant that its failure to do so may result in a terminating sanction:

> Defendant has not responded to the requests for production of documents or interrogatories served on [June 1, 2010]. Defendant shall respond in full by September 3, 2010. If Defendant fails to do so, the Court will entertain a motion for sanctions against Defendant, including a motion for default judgment. Plaintiff may serve a second round of written discovery by

September 13, 2010. Defendant shall respond in full to the second round of discovery by September 30, 2010. The Court made clear [during the conference call] that it regards Defendant's failure to fulfill its discovery obligations as unacceptable. Full compliance will be expected.

Defendant has not complied with that order, or its underlying discovery obligations. Plaintiff has filed a motion for the entry of default judgment pursuant to Rule 37 of the Federal Rules of Civil Procedure. Doc. 32. Defendant has not filed a response, and the time for filing one has now passed. LRCiv 7.2(c). For reasons that the follow, the motion will be granted.

Rule 37 provides that where a party "fails to obey an order to provide or permit discovery," the district court may sanction that disobedient party by "rendering a default judgment against [it]." Fed. R. Civ. P. 37(b)(2)(A)(vi). This Circuit has established a five-part test to determine whether a terminating sanction is just: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (citation omitted); *see also Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (identifying similar factors to be considered before granting default judgment under Rule 55(b)).

Having considered the five-factor test, the well-pled factual allegations of the complaint (Doc. 1), and the declaration provided in support of default judgment (Doc. 32-1 at 2-10), the Court finds the entry of default judgment against Defendant in the amount of $268,846.95 to be an appropriate sanction. This litigation cannot be resolved expeditiously, the Court cannot manage its docket, and Plaintiff is prejudiced when Defendant utterly fails to comply with its discovery obligations, defies court orders, and fails to respond to well pleaded motions. This case cannot be resolved on the merits when Defendant refuses to provide the information needed for a ruling on the merits. The Court has considered less drastic sanctions, but has identified none in light of Defendant's utter failure to follow applicable federal rules and court orders. The Court concludes that default judgment is a

1 reasonable sanction in light of its prior warning and Defendant's complete disregard of its responsibilities in this case.

**IT IS ORDERED:**

1. Plaintiff's motion for entry of default judgment (Doc. 32) is **granted**. Default judgment is entered in favor of Plaintiff Mattivi Brothers Leasing, Inc. and against Defendant Ecopath Industries, LLC in the amount of **$268,846.95**, plus interest at the applicable legal rate until the judgement is satisfied.

2. Plaintiff may file a motion for attorneys' fees pursuant to Local Rule 54.2.

DATED this 9th day of December, 2010.

_____
David G. Campbell
United States District Judge