**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mattivi Brothers Leasing Incorporated, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Ecopath Industries LLC, an Arizona limited liability company,<br><br>Defendant. | No. CV-10-0049-PHX-DGC<br><br>**ORDER** |

In August 2008, Plaintiff Mattivi Brothers Leasing, Inc. purchased an asphalt rubber blending plant from Defendant Ecopath Industries, LLC. Plaintiff claims that the plant is defective and fails to conform to representations and covenants made in the sales contract. Plaintiff filed suit in January 2010, seeking monetary damages and asserting claims for breach of contract, breach of express warranty, rescission, and consumer fraud. Doc. 1.

On December 9, 2010, the Court entered default judgment against Defendant in the amount of $268,846.95 as a sanction for its failure to compy with a Court order and its discovery obligations. Doc. 33. The Court subsequently awarded Plaintiff attorneys' fees in the amount of $18,799.75. Doc. 36.

Defendant has filed a motion to set aside the default judgment and fee award pursuant Rules 60(b)(1) and (6) of the Federal Rules of Civil Procedure. Doc. 42. The

1  motion is fully briefed. Docs. 50, 53. For reasons stated below, the motion will be denied.[1]

2  The Court entered default judgment against Defendant pursuant to Rule 37, which provides that where a party "fails to obey an order to provide or permit discovery," the district court may sanction that disobedient party by "rendering a default judgment against [it]." Fed. R. Civ. P. 37(b)(2)(A)(vi). Before imposing the terminating sanction, the Court carefully considered the relevant factors, that is, "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (citation omitted); *see Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Court found the entry of default judgment against Defendant in the amount of $268,846.95 to be an appropriate sanction, stating as follows (Doc. 33 at 2):

> This litigation cannot be resolved expeditiously, the Court cannot manage its docket, and Plaintiff is prejudiced when Defendant utterly fails to comply with its discovery obligations, defies court orders, and fails to respond to well pleaded motions. This case cannot be resolved on the merits when Defendant refuses to provide the information needed for a ruling on the merits. The Court has considered less drastic sanctions, but has identified none in light of Defendant's utter failure to follow applicable federal rules and court orders.

A default judgement may be set aside under Rule 60(b)(1) where it resulted from "excusable neglect." Fed. R. Civ. P. 60(b)(1); *see* Fed. R. Civ. P. 55(c). The relevant analysis considers factors similar to those applicable under Rule 37: "'(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'"

---

[1] **Error! Main Document Only.** The requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

*S.E.C. v. Wireless Platform Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (quoting *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009); *see also United States v. Signed Personal Check No. 730*, 615 F.3d 1085, 1091 (9th Cir. 2010) (applying similar factors in deciding whether default should be set aside for good cause). Having considered the relevant factors, and the record as whole, the Court concludes that the default judgement and fee award should not be set aside on the grounds of excusable neglect or good cause.

The delays in this case have been both substantial and prejudicial. Plaintiff filed suit more than a year and a half ago, but has been denied a decision on the merits due to Defendant's failure to comply with its discovery obligations or otherwise participate in the litigation. Other than appearing at a telephonic hearing concerning its failure to provide discovery (Doc. 31), Defendant has taken no affirmative action in this case from the time it made its initial disclosures on April 1, 2010 (Doc. 20) until it filed the instant motion on April 25, 2011 – a span of more than a year and while Defendant was represented by three different attorneys. As previously explained (Doc. 33 at 2), a defendant's failure to comply with the federal rules and court orders, thereby delaying resolution of the case on the merits, prejudices the plaintiff and the administration of justice.

Defendant asserts that it bears no culpability for the delays because its third attorney of record, David Rosen, abandoned the case and ceased communications. Defendant became aware of Mr. Rosen's lack of communication in October 2010 (Doc. 42-1 at 13), and had no contact with him after November 12, 2010 (*id.* at 15). Yet Defendant did not ask its current counsel to look into the status of this case until four months later. *Id.* at 3, ¶ 9. After learning that default judgment had been entered, Defendant waited more than a month before seeking to have the judgment set aside.

Plaintiff argues, correctly, that Defendant's delays in this case go far beyond the lack of attention by Mr. Rosen. The Court finds Defendant to be at fault for at least some of the delays in this case. It cannot fairly be said that Defendant has acted in good faith.

Moreover, it is well established that "'clients must be held accountable for the acts and omissions of their attorneys,' and [Defendant] 'cannot now avoid the consequences of the acts or omissions' of [Mr. Rosen]." *Wireless Platform*, 617 F.3d at 1101 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 396–97 (1993)). "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Pioneer*, 507 U.S. at 397 (quotation marks and citations omitted). In short, in determining whether Defendant's failure to litigate this case was excusable, "the proper focus is upon whether the neglect of [Defendant] *and [its] counsel* was excusable." *Id.* (emphasis in original). Defendant has presented no excuse for Mr. Rosen's negligence. Rule 60(b)(1) affords no relief.

Citing *Community Dental Services v. Tani*, 282 F.3d 1164 (9th Cir. 2002), Defendant claims that gross negligence on the part of Mr. Rosen constitutes an "extraordinary circumstance" preventing Defendant from participating in the litigation, and setting aside the default judgment is therefore appropriate under Rule 60(b)(6). But *Community Dental* made clear that a "finding of culpable conduct by [the defendant] would be sufficient to justify the district court's refusal to grant a Rule 60(b) motion." 282 F.3d at 1172; *see Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1109 (9th Cir. 2000) (citing *In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991)). As explained more fully above, the Court finds Defendant to be culpable for delays in this case.

Defendant contends that Plaintiff will suffer no actual prejudice from having the case reopened and resolved on the merits. Doc. 42 at 2. Because the blending plant was modified after the entry of default judgment, Plaintiff asserts, if the case were to be reinstated, Plaintiff would be in a disadvantaged position to prove the condition of the plant at the time of the sale. Doc. 50 at 9. Defendant notes that Plaintiff has presented no evidence showing a material change to the blending plant (Doc. 53 at 6), but Plaintiff bears

4

no burden of proving prejudice. Rule 60(b)(6) places the burden entirely on Defendant to establish "extraordinary circumstances" beyond its control. Defendant has not met its burden.

The Court recognizes that Rule 60(b) is remedial in nature and is to be applied liberally. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). This is one of the rare cases, however, where the interest of resolving the dispute on the merits must give way to the competing interest of finality. *See Signed Personal Check No. 730*, 615 F.3d at 1091 n.1 (noting that Rule 60(b) is applied less liberally than Rule 55(c) because in the Rule 55(c) context "there is no interest in the finality of the judgment with which to contend"). The Court will exercise its discretion and deny the motion to set aside the default judgment and fee award.

**IT IS ORDERED** that Defendant's motion to set aside default judgment (Doc. 42) is **denied**.

Dated this 14th day of July, 2011.

_____
David G. Campbell
United States District Judge